IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. WOODS, ) | |
| ) | |
| Plaintiff, ) | Case No.    4:15-CV-01029-SPM |
| ) | |
| vs. ) | |
| ) | |
| NATIONWIDE AFFINITY INSURANCE ) | |
| COMPANY OF AMERICA, THE TRAVELERS ) | |
| HOME & MARINE INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S TRIAL BRIEF**

COMES NOW Plaintiff and submits the following trial brief, in accordance with the Court's Case Management Order, setting forth relevant law and argument on issues that may be relevant to trial of this matter.

**FACT SUMMARY**

This is a lawsuit in which Plaintiff Michael Darren Woods is seeking damages from Defendants, Nationwide Insurance Company and The Travelers Home and Marine Insurance Company. This lawsuit arises out of a motor vehicle accident that took place on April 17, 2011, in Columbia, Missouri. Plaintiff was a passenger in a vehicle driven by his daughter, Elizabeth Woods. Plaintiff's daughter was traveling on Providence Road approaching its intersection with Wilkes Boulevard in Columbia when another driver, Crystal Clark, hit them on the passenger side. Crystal Clark proceeded into the intersection and came into a collision with the car being driven by Plaintiff's daughter in which plaintiff was a passenger.

Plaintiff brought a lawsuit against Crystal Clark for the injuries and damages he sustained in the crash as a result of her negligence. Crystal Clark settled for One Hundred Thousand Dollars and 00/100 ($100,000.00), which was Crystal Clark's insurance policy limits.

1

Plaintiff filed this lawsuit against Nationwide, which insured his daughter's vehicle, and against Travelers, which insured his personal vehicles, for underinsured motorist coverage ("UIM"). Plaintiff is covered under both the Nationwide and Travelers policies for this accident. Plaintiff is claiming in this suit that the amount paid to him by the other driver was not enough to pay the full amount of damages he is entitled to recover. Both Nationwide and Travelers denied that the amount paid by the other driver was insufficient to pay the full amount of plaintiff's damages.

Defendants acknowledge that the other driver was negligent. Defendants acknowledge that they each issued policies of insurance which contain underinsured motorist coverage and that cover Plaintiff's claims. Defendants dispute that Plaintiff's injuries were caused by the motor vehicle crash.

## ANTICIPATED LEGAL ISSUES AND RELEVANT LAW

**1.      Past Medical Bills.**

Plaintiff anticipates that the Defendants will attempt to introduce the medical bills in the case. Such evidence is irrelevant, inadmissible and lacks foundation.

Such evidence must be excluded because it is outside the scope of the pleadings. Plaintiff is not seeking recovery of past medical expenses, and has not pleaded them as special damages.

Medical records and the testimony of doctors who have treated and examined Plaintiff are the best and most probative evidence of the nature and extent of Plaintiff's injuries. Evidence of the price tag for treatment has little or no probative value on that issue. Its minimal probative value, if any, does not outweigh the risk of unfair prejudice, confusion of the issues, misleading the jury and cumulativeness.

> **Plaintiff does not seek and has not pleaded recovery of past medical bills and expenses as special damages. The amount of those bills must therefore be excluded because it is beyond the scope of the pleadings and irrelevant.**

2

Evidence of the amount of medical bills must be excluded because Plaintiff does not seek recovery of past medical expenses. Because recovery of past medical bills has not been pleaded as special damages, past medical bills and their amount are outside the scope of the pleadings and are irrelevant.

For evidence to be admissible over objection it must conform to the pleadings. *McCardie & Akers Construction v. Bonney*, 647 SW.2d 193, 195 (Mo.App.E.D. 1983); *Swan v. Stuart*, 353 S.W.2d 805, 806 (Mo.App. 1962). "Therefore, when objected to evidence is outside the scope of the pleadings, the trial court has no discretion to admit such evidence." *International Division, Inc. v. DeWitt and Associates, Inc,* 425 S.W.3d 225, 228 (Mo.App.S.D. 2014).

Rule 55.19, Missouri Rules of Civil Procedure, provides that: "When items of special damage are claimed, they shall be specifically stated."  "Special items of damage for medical and surgical costs must be pleaded and are not admissible under a prayer for general damages." *Moore v. Parks*, 458 S.W.2d 344, 347 (Mo. 1970). *See Layton v. Palmer*, 309 S.W.2d 561, 567 (Mo. 1958) ("Medical and surgical expenses are special damages and evidence of such expense is not admissible under a general prayer for damages"); *Blunk v. Snider*, 342 Mo. 26, 32-33, 111 S.W.2d 163, 166 (1937) (plaintiff did not sue to recover for hospital and doctor bills and was not "entitled to prove the amount due or paid . . . the "amount of these bills is immaterial").
This rule of exclusion applies regardless of whether it is the plaintiff or the *defendant* who seeks to admit the amount of medical bills when they have not been pleaded by plaintiff as special damages. *Layton*, 309 S.W.2d at 567 (evidence of the amount of medical expenses offered by *defendant* properly excluded on plaintiff's objection when plaintiff did not plead medical expenses as special damages). Missouri law thus clearly establishes past medical bills and their amounts are not admissible in this action and must be excluded.

3

It is generally recognized that evidence of past medical expenses is not relevant or admissible when those expenses are not recoverable. *See, e.g., Varhol v. National Railroad Passenger Corp.*, 909 F.2d 1557, 1565-1566 (7th Cir. en banc 1990); *Martin v. Soblotney*, 502 Pa.2d 418, 466 A.2d 1022 (1983); *Carlson v. Bubash*, 432 Pa.Super. 514, 639 A.2d 458 (1994); *Haygood v. De Escobedo*, 356 S.W.3d 390, 399 (Tex. 2012); *Payne v. Wyeth Pharmaceuticals*, 2008 WL 4890760 (E.D.Va. 2008). Similarly, when past medical expenses are not recoverable, the defendant should not be allowed to argue any adverse inference from the plaintiff's failure to offer evidence of his past medical bills or their amounts. *E.g., Bowman v. International Petroleum Corporation*, 1995 WL 461213 (E.D. Pa. 1995).

> **Plaintiff's medical records and the testimony of physicians and other health care professionals are the best and most probative evidence of the nature and extent of plaintiff's injuries. Evidence of the amount of the bills for past treatment has little or no probative value as to the nature and extent of plaintiff's injuries, or of his pain and suffering. It would serve only to mislead and confuse the jury, and would be cumulative.**

The amount of the bills for past medical treatment has little or no probative value as to the nature and extent of Plaintiff's injuries or to pain and suffering, especially when, as here, plaintiff's medical records and the expert testimony of medical witnesses will be offered on those issues.

> Relevant objective evidence on the extent and nature of injuries consists of the expert testimony of treating physicians and other medical practitioners. The price tag of treatment does not tend to prove or disprove anything about the nature and extent of injuries, save what it has cost to treat them, which is not recoverable. Because the plaintiff cannot recover that cost, for the reasons stated ante, the evidence of cost is irrelevant.

*Francis v. National Railroad Passenger Corp.*, 661 F.Supp. 244, 245 (D.Md. 1987). In *Ford v. National Railroad Passenger Corp.*, 734 F.Supp. 215, 218 (D.Md. 1990), the court explained that:

4

> It is conceivable, for instance, that a plaintiff who has broken three ribs incurs expenses only for an emergency room visit and x-rays for a total cost of $200, whereas another plaintiff who has been kicked in the groin causing internal bleeding incurs expenses for two nights in the hospital for observation, x-rays, and various tests for a total cost of $2,000. Are we to conclude that the second plaintiff therefore was injured ten times greater than the first? It is submitted that the jury would be presented with a far more accurate set of facts to evaluate injury itself if the dollar amounts are excluded from the evidence.

*Id.* at 218.  Special damages are not "probative of the nature or extent of injury" when special damages are not at issue. *Id. at 218.* The amount of the bill is not probative of the nature and extent, or of pain and suffering. *Carlson v. Bubash*, 432 Pa.Super. 514, 639 A.2d 458 (1994); *Martin v. Soblotney*, 502 Pa. 418, 423, 466 A.2d 1022, 1025 (1983); *Wright v. Hixon*, 42 Md.App.448, 456-457, 400 A.2d 1138, 1143 (1979); *Payne v. Wyeth Pharmaceuticals*, 2008 WL 4890760 at *6-7 (E.D.Va. 2008); *Johnson v. Union Pacific Railroad Co.*, 2007 WL 2914886, at *6-7 (D.Neb. 2007).

The Missouri Supreme Court adopted identical reasoning in holding that the amount of a vehicle repair bill is not admissible to show the "violence of the collision" and is properly excluded in a personal injury case.  *Boland v. Jando*, 414 S.W.2d 560 (Mo.1967). The trial court ruled that a mechanic could describe the extent of damage to the car, which would show the amount of violence, but that the amount of the bill "doesn't go to prove or disprove any amount of violence." *Id.* at 563.  The Supreme Court affirmed, holding the "amount of the repair bill would not have been any evidence of the violence of the collision." *Id.* at 563.  The same reasoning applies here – the amount of the bills has for past medical treatment has little or no probative value as to the nature and extent of plaintiff's injuries or his pain and suffering.

Evidence is properly excluded when its probative value does not outweigh the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or

cumulativeness. *State v. Taylor,* 466 S.W.3d 521, 528 (Mo. banc 2015).

The amount of past medical bills is properly excluded when those amounts are not recoverable because it would result in confusion of the issues and misleading the jury. The minimal probative value of the amount of the bills, if any at all, does not outweigh the risk of confusion of the issues and misleading the jury. *Varhol*, 909 F.2d at 1566; *Ford,* 734 F.Supp. at 218; *Haygood*, 356 S.W.3d at 398; *Payne*, 2008 WL 4890760 at *7; *Shuff v. Consolidated Rail Corp.*, 1994 WL 548232, *1 (N.D. Ill. 1994).

Introduction of the amounts of plaintiff's past medical bills would unfairly and unduly prejudice plaintiff because of the risk the jury might substitute, correlate, or equate those amounts with plaintiff's damages for his injuries, disability, and pain and suffering, or use that amount in determining any verdict for those elements of damage. Defendant has an incentive to introduce the amounts of the bills here in order to mislead the jury and suggest, directly or indirectly, that the jury should ignore the evidence of the nature and extent of plaintiff's permanent injuries and instead equate these elements of damage to the amount of the bills or to anchor or limit their verdict to an amount commensurate with the amount of the bills.

Plaintiff intends to offer the testimony of his treating and examining physicians, his medical records, and his own testimony; that is the best and most probative evidence of the nature and extent of his injuries and damages. Evidence of the amount of the bills for past medical treatment, lacking in any real probative value, would be needlessly cumulative of this much more probative evidence, and a waste of the Court's time. *E.g., Payne*, 2008 WL 4890760 at * 7; *Shuff v. Consolidated Rail Corp.*, 1994 WL 548232, *1 (N.D. Ill. 1994).*C.f., Varhol*, 909 F.2d at 1566 (exclusion of amounts of unrecoverable bills affirmed especially because "several witnesses, lay and expert, testified concerning the extent" of plaintiff's injuries). Cumulative

6

evidence is properly excluded under Missouri law. *E.g., Payne v. Cornhusker Motor Lines, Inc.*, 177 S.W.3d 820, 840 (Mo.App.E.D. 2005). Cumulative evidence is excludable as a waste of the Court's time. *E.g., Gatzke v. Terminal R. R. Ass'n of St. Louis*, 321 S.W.2d 462 (1959); *State v. Proctor*, 546 S.W.2d 544, 54, (Mo.App. 1977).

Aiken distinguished between the typical theory of negligence that consists of improper care and treatment and one based on the "alleged failure to inform the patient sufficiently to enable him to make a judgment and give an informed consent if he concludes to accept the recommended treatment." *Id*. at 673.  This distinction was recognized in *Miller v. Werner*, 431 S.W.2d 116, 118 (Mo. 1968) (claim for negligent removal of cysts is separate and distinct from a claim for failure to obtain an informed consent).

"It is a plaintiff's prerogative to choose the theory upon which he will submit his case, so long as that theory is supported by the pleadings and the evidence." *Elmore v. Owens-Illinois, Inc*. 673 S.W.2d 434, 437 (Mo. banc 1984).  A defendant cannot hijack a plaintiff's case by distorting her claim then present evidence that is irrelevant to plaintiff's theory and that cannot form the basis for either a plaintiff's negligence submission or an affirmative defense. In Missouri, *Wilson v. Patel*, Mo App WD 2016 stands as the only case that has addressed the issue.

As *Wilson* stated, "[t]he relevancy of 'informed consent' evidence in a case where lack of consent has not been pled or submitted to a jury by the plaintiff at trial has not been previously discussed by Missouri courts." However, the *Wilson* Court notes that the courts of other states that have addressed the issue are "essentially unanimous in their conclusions that evidence of informed consent is irrelevant as to whether a physician has committed medical negligence."
Every state that has addressed the issue has held that such evidence is irrelevant in the context of a medical malpractice claim alleging negligence in the performance of a procedure.  See *Wright*

7

*v. Kaye*, 593 S.E.2d 307 (Va. S.Ct. 2004), *Fiorucci v. Chinn*, 764 S.E.2d 85, 87 (Va. 2014) *Warren v. Imperia*, 287 P.3d 1128 (Or. App. 2012), *Waller v. Aggar*wal, 688 N.E. 2d 274 (Oh. App. 1996), *Spar v. Cha,* 907 N.E.2d 974 (Ind. S.Ct. 2009) (holding incurred risk is not a defense to medical negligence), *Schwartz v. Johnson,* 49 A.3d 359 (Md. 2012), *Brady v. Urbas* 2013 PA Superior 296 (Penn. S.Ct. 2013), *Hayes v. Camel*, 927 A.2d 880 (Conn. S.Ct. 2007), *Baird v. Owc*zarek, 93 A.3d 1222, 1232-3 (Del. Supr. 2014), *Matranga v. Par. Anesthesia of Jefferson, LLC*, 170 So. 3d 1077, 1093-4 (La. App. 5th Dist. 2015), *Hillyer v. Midwest Gastrointrestinal Assoc. P.C*, 24 Neb. App. 75 (Neb. App. 2016) (finding error in admission of evidence but reversal unnecessary due to curative instruction).

*Wilson* cited specifically to *Schwartz v. Johnson*, 49 A.3d 359 (Md. Ct Spec. App. 2012), where the issue was whether evidence related to informed consent, specifically regarding a "known complication" was relevant. The court determined that it was not, reasoning that the plaintiff was not claiming that the physician had failed to obtain his informed consent to perform the procedure, but that the physician was negligent in performing the procedure.  There is no assumption of a known risk by signing an informed consent form.  The *Schwartz* court stated, and the *Wilson* court affirmed, "[r]egardless of whether the patient elects to have healthcare or requires it, the patient appropriately expects that the treatment will be rendered in accordance with the applicable standard of care.  This is so regardless of how risky or dangerous the procedure or treatment modality might be."  *Shwartz*, 49A.3d at 371.  *Wilso*n further cited favorably the *Schwartz* holding that evidence of informed consent is irrelevant and prejudicial to the plaintiff.  *Schwartz* at 374, *Wilson* at 8.  "Such evidence could only serve to confuse the jury because the jury could conclude, contrary to the law and the evidence, that consent to the surgery was tantamount to consent to the injury which resulted from the surgery.  In effect, the jury could

conclude that consent amounted to a waiver, which is plainly wrong. *Wilson* at 8, *Schwartz* at 375, quoting *Wright v. Kaye*, 593 S.E.2d 307, 317 (Va. 2004). Ultimately, the *Wilson* court did not reach the exact question, because it found that the procedural posture did not support Wilson's position. In *Wilson*, plaintiff's counsel had failed to object to the evidence and had, instead, sought a withdrawal instruction. It is important to note that the Missouri Supreme Court has accepted this case and it is currently pending.

The law, nationally and in Missouri, clearly recognizes that evidence of informed consent is not relevant and is highly prejudicial unless plaintiff has included a specific claim for informed consent. Plaintiff has not in this case and, therefore, any evidence or argument regarding informed consent should be prohibited.

Similarly, evidence, testimony or argument that an occurrence is a "known complication" is merely the flip side of the informed consent coin. Whether an occurrence is known to occur is simply not relevant. The only relevant issue is whether the condition or complication occurred because of negligence. The simplest illustration of this is the dreaded "wrong side" surgery case. Any surgeon will admit that operating on the wrong side of the body, or in the wrong location, is a known complication. Medical literature is replete with these occurrences. Honest practitioner will, likewise, readily admit that such occurrences are entirely preventable and always negligent. Even though operating in the wrong location is a known complication, the fact that it is a known complication is irrelevant to the inquiry of whether the act was negligent.

**2. Medical Records Admissibility**

Issues often arise regarding the admissibility of medical records. Plaintiff includes this brief review for the Court's convenience.

Medical records are admissible, when properly qualified, under the Business Records

9

Act, §490.680, R.S.Mo. Missouri Courts have deemed the following types of data contained within medical records admissible: physical examination findings, patient's symptoms and complaints, treatment and progress records, diagnosis by those qualified to make them, the results of analyses and laboratory tests, x-rays, the behavior of the patient, and those parts of the patient's history inherently necessary or helpful to the observation, diagnosis and treatment of the patient. *Johnson v. Creative Restaurant Mgmt.*, 904 S.W.2d 455, 459 (Mo. App. W.D. 1995) citing *Allen v. St. Louis Pub. Serv. Co.*, 285 S.W.2d 663, 667 (Mo. 1956). See also *Caples v. Earthgrains Company*, 43 S.W.3d 444 (Mo. App. E.D. 2001) These portions of medical records are admissible unless subject to specific objections such as irrelevancy, inadequate sources of information, self-serving, going beyond the bounds of legitimate expert opinion, or other similar substantive grounds. Id.. It is for the jury to assign the appropriate weight to the evidence on the medical record. Id.

**3. Voir dire**

The purpose of jury selection is to seat a fair and impartial jury. A person who cannot render impartial jury service must be excluded. 28 U.S.C. §1866(c)(2), *U.S. v. Anderson* 938 F.2d 116, 118 (8th Cir. 1991) (when case turned on the credibility of police witnesses, court abused its discretion in refusing to remove panelists who admitted they were more inclined to believe police than other witnesses). See also *U.S. v. Sithithongtham*, 192 F.3d 1119, 1121 (8th Cir. 1999).

Voir dire is necessary for selecting a fair and impartial jury. Voir dire provides both the means to discover actual or implied bias or prejudice and the grounds on which the parties may intelligently exercise their peremptory challenges and challenges for cause. *J.E. B. v. Alabama*, 511 U.S. 127, 143-44 (1994). During voir dire, the court must test the qualifications and

competency of the panelists to sit on a jury in a trial of the case. V*asey v. Martin Marietta Corp*. 29 F.3d 1460, 1467-68 (10th Cir. 1994), *U.S. v. Bedonie*, 913 F.2d 782, 795 (10th Cir. 1990). A court cannot restrict the voir dire in a way that destroys a party's ability to exercise its peremptory challenges. *Knox v. Collins*, 928 F.2d 657, 661 (5th Cir. 1991).

The panelists' bias or prejudice regarding the facts of the case and the nature of the controversy are proper subjects for inquiry. *Art Press, Ltd., v. Western Printing Mach. Co*., 791 F.2d 616, 619 (7th Cir. 1986), *U.S. v. Love*, 219 F.3d 721, 724-725 (8th Cir. 2000), *Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981). Likewise, the panelists' bias or prejudice regarding the parties is proper area of inquiry. *U.S. v. Lancaster*, 96 F.3d 734, 741-42 (4th Cir. 1996), *U.S. v. Kylse*, 40 F.3d 519, 524 (2d Circ. 1994).

Whether the panelists can set aside feelings of sympathy when considering a verdict is also a relevant area of inquiry, *Morrisey v. Welsch* Co., 821 F. 2d 1294, 1306 (8th Cir. 1987), as is their ability to award whatever damages the evidence justifies. *Hoffman v. Sterling Drug, Inc.,* 374 F.Supp. 850, 859 (M.D. Pa. 1974).

If a panelist is panelist is biased or prejudicied, he or she cannot serve as a juror. *28 U.S.C. §1866(c)(2)*. Doubts about the existence of bias or prejudice should be resolved against permitting the panelist to serve. U.S. v. Nelson, 277 F.3d 164, 202 (2d Cir. 2002), *Bailey v. Board of Cty. Comm'rs*, 956 F.2d 1112, 1128 (11th Cir. 1992).

Respectfully submitted,

THE SUMNER LAW GROUP, LLC


By     /s/ Brent Sumner
   Brent A. Sumner, #59460MO
   Andrew Martin,  #62657MO
   911 Washington Avenue, Suite 400
   Saint Louis, Missouri 63101
   Telephone: 314-669-0048
   Fax:          888-259-7550
   brent@sumnerlawgroup.com

*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing was served on all parties of this record this 9th day of January, 2017 by the Court's electronic filing system.

                            /s/ Brent Sumner