UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. WOODS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:15CV1029 SPM |
| | ) |
| NATIONWIDE AFFINITY INS. CO. | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant Nationwide Affinity Insurance Co. ("Nationwide") to reduce the jury's verdict of $225,000 by $100,000 to deduct the amount paid to Plaintiff Michael D. Woods by the underlying tortfeasor in this underinsured motorist suit. (Doc. 99). Plaintiff has filed a response opposing the motion. (Doc. 101). For the reasons set out below, I find that Nationwide's motion should be granted.

On April 17, 2011, Plaintiff Michael Woods was injured in a car accident while a passenger in a vehicle operated by his daughter. It is undisputed that the other driver was at fault. Plaintiff sued the tortfeasor and ultimately settled with her insurance carrier for policy limits of $100,000. Alleging that his injuries exceeded the tortfeasor's policy limits of $100,000, Plaintiff filed suit against Nationwide, which insured his daughter's vehicle, and Travelers Home and Marine Insurance Company ("Travelers"), which insured Plaintiff's vehicle. Plaintiff dismissed Traveler's without prejudice shortly before the case went to trial and proceeded solely against Nationwide on his claim for underinsured motorist coverage.

At trial, the parties stipulated and, by agreement, advised the jury that Plaintiff had previously settled with the tortfeasor and had received payment of $100,000. The agreed-upon verdict director submitted by Plaintiff instructed the jury to find in favor of Plaintiff only if the jury believed that "the collision mentioned in the evidence directly caused or directly contributed to cause damage to plaintiff in excess of $100,000." *See* Instruction No. 18. The agreed-upon damages instruction submitted by Plaintiff

further instructed the jury "not to consider any evidence of prior payment made to plaintiff" in determining the amount of plaintiff's damages. Rather, the instruction explained "[t]he judge will consider any such payment and adjust your award as required by law." *See* Instruction No. 19.

The instructions submitted to the jury were consistent with Missouri law regarding the proper method for calculating damages in an underinsured motorist case such as this. *See Ritchie v. Allied Property & Casualty Insurance,* 307 S.W.3d 132, 141 (Mo. 2009) (construing language similar to the underinsured motorist language in the Nationwide policy to mean that "in determining the total damages to which the underinsured motorist coverage will be applied, the amount of money already received from the tortfeasor must be deducted. In this way, it avoids a double recovery."). *See also Jones v. Mid-Century Insurance,* 287 S.W.3d 687, 693 (Mo. 2009) (holding that "if the plaintiffs here had suffered only $125,000 in damages, and had received $50,000 from the tortfeasor, then the $50,000 received would be deducted from the total of $125,000 in damages and the underinsured motorist coverage would supply the remaining $75,000.").

Plaintiff's after-the-fact arguments suggesting that this Court disregard the $100,000 prior settlement payment are disingenuous and inconsistent with Missouri law. As Nationwide correctly points out, under Missouri law, application of the $100,000 settlement is part and parcel of the proper measure of damages in an underinsured motorist case. It is not, as Plaintiff suggests, an issue Nationwide was required to raise an affirmative defense. Even if there were any merit to Plaintiff's argument that Nationwide should have raised setoff as an affirmative defense, that argument would fail. Having been the proponent of a stipulation and instructions that advised the jury that the Court would adjust the verdict to account for the $100,000 prior settlement, Plaintiff cannot now be heard to complain that Nationwide through some technicality failed to properly raise the issue. *See Bone v. Director of Revenue,* 404 S.W.3d 883, 886 (Mo. 2013) (en banc) ("Trial by informed consent allows for issues not raised in the pleadings to be determined by the trial court when the party raising the issue offers evidence without objection by another party . . . . Issues raised by implied consent are determined as if they were part of the pleadings

even though no formal amendment was made to the pleadings." Nor are Plaintiff's after-the-fact attacks on the clarity of Nationwide's policy language availing. The time to raise issues regarding alleged ambiguities in Nationwide's policy has long passed.

In sum, Nationwide's motion should be granted because reducing the jury's verdict by $100,000 is consistent with the language of Nationwide's policy, Missouri law, the evidence presented to the jury, and the agreed-upon instructions which were submitted without objection to the jury.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nationwide Affinity Insurance Company's post-trial motion for a reduction of the jury's verdict (Doc. 99) is **GRANTED**.

**IT IS FURTHER ORDERED** that a Judgment will be entered in this case in favor of Plaintiff Michael D. Woods in the amount of $125,000.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of February, 2017.